UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| STEWART TITLE GUARANTY COMPANY,<br>Plaintiff,<br><br>v.<br><br>UBS PRINCIPAL FINANCE LLC,<br>I-PARK GROVE WILLOW LLC,<br>I-PARK WEST SEYON LLC, and<br>CHICAGO TITLE INSURANCE COMPANY<br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | DOCKET NO. 04-10783-GAO |

**PLAINTIFF'S REPLY TO THE COUNTERCLAIM**

Stewart Title Guaranty Company ("Stewart") hereby responds to the Counterclaim of the Defendants UBS Principal Finance LLC ("UBS"), I-Park Grove Willow LLC ("I-Park Grove Willow"), and I-Park West Seyon LLC ("I-Park West Seyon").

1. Stewart admits the allegations of the corresponding paragraph of the Counterclaim upon information and belief.

2. Stewart admits the allegations of the corresponding paragraph of the Counterclaim upon information and belief.

3. Stewart admits the allegations of the corresponding paragraph of the Counterclaim upon information and belief.

4. Stewart admits the allegations of the corresponding paragraph of the Counterclaim.

5. The corresponding paragraph of the Counterclaim contains conclusory statements to which no response is required. To the extent that it contains factual allegations, they are

denied.

6. Stewart admits the allegations of the corresponding paragraph of the Counterclaim upon information and belief.

7. Stewart admits the allegations of the corresponding paragraph of the Counterclaim, except that Stewart is without knowledge or information sufficient to form a belief as to UBS' motivation in purchasing title insurance. Stewart denies that any policy of title insurance at issue was intended to "protect [UBS'] interest" in the Property.

8. Stewart admits the allegations of the corresponding paragraph of the Counterclaim.

9. Stewart responds by stating that the policy endorsement is a written document, the contents of which speak for themselves.

10. Stewart admits the allegations of the corresponding paragraph of the Counterclaim.

11. Stewart admits the allegations of the corresponding paragraph of the Counterclaim upon information and belief, but is without knowledge or information sufficient to form a belief as to the primary reason for amending the loan documents or as to the identities of the principals of the Grove Willow LLC and West Seyon LLC.

12. Stewart admits the allegations of the corresponding paragraph of the Counterclaim, except that Stewart is without knowledge or information sufficient to form a belief as to the truth of any allegations concerning the loan documents UBS' motivation in purchasing title insurance. Stewart denies that any policy of title insurance at issue was intended to "protect [UBS'] interest" in the Property.

13. Stewart admits the allegations of the corresponding paragraph of the Counterclaim.

14. Stewart responds by stating that the policy endorsement is a written document, the contents of which speak for themselves.

15. Stewart admits the allegations of the corresponding paragraph of the Counterclaim.

16. Stewart is without knowledge or information sufficient to form a belief as to truth of the allegations contained in the corresponding paragraph of the Counterclaim and calls upon the Defendants to prove the same.

17. Stewart is without knowledge or information sufficient to form a belief as to when the Defendants received notice that any survey was incorrect. In further answering, Stewart states that errors were made by the BSC Group in connection with certain surveys, and that UBS, I-Park Grove Willow, and I-Park West Seyon have been more than compensated for any alleged loss caused by such survey errors.

18. Stewart admits that it received notice of the claims, but denies that the insureds have complied with the provisions of the policies, including but not limited to the insureds' obligations to provide requested information and submit a proof of loss.

19. Stewart admits only that by the letter dated March 13, 2003, Stewart acknowledged receipt of UBS' claim.

20. Stewart is without knowledge or information sufficient to form a belief as to truth of the allegations contained in the corresponding paragraph of the Counterclaim and calls upon Defendants to prove them.

21. Stewart is without knowledge or information sufficient to form a belief as to truth of the allegations contained in the corresponding paragraph of the Counterclaim and calls upon Defendants to prove them.

22. Stewart admits that by the letter dated November 6, 2003, Stewart tendered two checks to UBS in the total amount of $365,000. In the November 6 letter, Stewart indicated that the amount tendered represented what appeared at that time to be the insured claimants' maximum possible loss according to the appraisals.

23. Stewart is without knowledge or information sufficient to form a belief as to truth of the allegations contained in the corresponding paragraph of the Counterclaim, since Stewart was not involved in, not consulted, nor even notified in advance of the alleged settlement between UBS and Chicago. Stewart denies that any alleged settlement between UBS and Chicago may be construed to established any existence or extent of liability under the Policies.

24. Stewart denies the allegations of the corresponding paragraph of the Counterclaim.

### FIRST COUNT
### (Breach of Contract)

25. Stewart repeats and incorporates the responses contained in each and every one of the above paragraphs.

26. Stewart denies the allegations of the corresponding paragraph of the Counterclaim.

27. Stewart denies the allegations of the corresponding paragraph of the Counterclaim.

28. Stewart denies the allegations of the corresponding paragraph of the

Counterclaim.

## SECOND COUNT
### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

29.  Stewart repeats and incorporates the responses contained in each and every one of the above paragraphs.

30.  Stewart denies the allegations of the corresponding paragraph of the Counterclaim.

31.  Stewart denies the allegations of the corresponding paragraph of the Counterclaim.

32.  Stewart denies the allegations of the corresponding paragraph of the Counterclaim.

## THIRD COUNT
### (Declaratory Judgment)

33.  Stewart repeats and incorporates the responses contained in each and every one of the above paragraphs.

34.  Stewart denies the allegations of the corresponding paragraph of the Counterclaim.

35.  Stewart admits the allegations of the corresponding paragraph of the Counterclaim.

36.  Stewart denies the allegations of the corresponding paragraph of the Counterclaim, and further states that UBS, I-Park Grove Willow, and I-Park West Seyon have been more than compensated for any alleged loss caused by such survey errors.

## AFFIRMATIVE DEFENSES

1. The Counterclaim should be dismissed for failure to state a claim upon which relief can be granted.

2. The Counterclaim should be dismissed for failure to join a party under Fed. R. Civ. P. 19.

3. The Counterclaim is barred by the doctrines of waiver and/or estoppel.

4. The Counterclaim is barred due to the failure to mitigate damages.

5. The Counterclaim is barred by accord and satisfaction.

6. The Counterclaim is barred by the provisions of the applicable title insurance policies.

7. The Counterclaim is barred by the failure of UBS Principal Finance LLC, I-Park Grove Willow LLC, and I-Park West Seyon LLC to submit a proper "proof of loss or damage" required under Paragraph 5 of the Conditions and Stipulations of the Policies.

8. The Counterclaim is barred by the failure of UBS Principal Finance LLC, I-Park Grove Willow LLC, and I-Park West Seyon LLC to provide Stewart with documents and information reasonably requested is a breach of Paragraph 5 of the Conditions and Stipulations of the Policies.

9. The Counterclaim must be dismissed because any alleged loss or damage to UBS Principal Finance LLC, I-Park Grove Willow LLC, and I-Park West Seyon LLC does not exceed the amounts they already have received under the Policies.

10. The Counterclaim must be dismissed because Stewart has fulfilled all of its obligations under the Policies.

11. The Counterclaim must be dismissed based upon Paragraph 8 of the Conditions and Stipulations of the Policies, under which Stewart cannot be held liable for loss or damage to any insured for liability voluntarily assumed by the insured in settling any claim without Stewart's prior written consent.

WHEREFORE, Stewart Title Guaranty Company requests that the Court dismiss the Counterclaim of UBS Principal Finance LLC, I-Park Grove Willow LLC, and I-Park West Seyon LLC, with prejudice and costs.

STEWART TITLE GUARANTY COMPANY
By its attorneys,

*/s/ Thomas M. Looney*
Thomas M. Looney (BBO #555040)
Richard E. Gentilli (BBO #189080)
Bartlett Hackett Feinberg P.C.
10 High Street, Suite 920
Boston, MA 02110
617-422-0200

Dated: June 28, 2004

**CERTIFICATE OF SERVICE**
I hereby certify that on this day a true copy of the above document was served upon the attorney of record for each party by mail/~~by hand~~.

DATED: 6/28/04  TML