UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| STEWART TITLE GUARANTY COMPANY, Plaintiff/Third-party Plaintiff, | ) ) ) ) ) | |
| v. | ) ) | |
| UBS PRINCIPAL FINANCE LLC I-PARK GROVE WILLOW LLC, I-PARK WEST SEYON LLC, and CHICAGO TITLE INSURANCE COMPANY, Defendants, | ) ) ) ) ) ) ) | DOCKET NO. 04-10783-GAO |
| and | ) ) | |
| BSC GROUP, INC., Third-party Plaintiff. | ) ) ) ) | |

## ANSWER TO THE THIRD-PARTY COMPLAINT OF STEWART TITLE GUARANTY COMPANY, AFFIRMATIVE DEFENSES, AND JURY DEMAND OF BSC GROUP, INC.

The Third-party Defendant, BSC Group, Inc. ("BSC"), answers the allegation contained in Stewart Title Guaranty Company's ("Stewart") Third-party Complaint as follows:

1.  BSC is without knowledge or information sufficient to admit the allegations contained in paragraph 1 of the Third-party Complaint.

2.  BSC admits the allegations contained in paragraph 2 of the Third-party Complaint.

3.  BSC is without knowledge or information sufficient to admit the allegations contained in paragraph 3 of the Third-party Complaint.

4.  BSC is without knowledge or information sufficient to admit the allegations contained in paragraph 4 of the Third-party Complaint.

5.  BSC is without knowledge or information sufficient to admit the allegations contained in paragraph 5 of the Third-party Complaint.

6.     BSC admits the allegations contained in paragraph 6 of the Third-party Complaint.

7.     The Counterclaim against Stewart speaks for itself.  Otherwise, BSC is without knowledge or information sufficient to admit the allegations contained in paragraph 7 of the Third-party Complaint.

8.     The Counterclaim against Stewart speaks for itself.  BSC denies the allegations contained in paragraph 8 of the Third-party Complaint to the extent that they contradict the Counterclaim.

9.     The Counterclaim against Stewart speaks for itself.  BSC denies the allegations contained in paragraph 9 of the Third-party Complaint to the extent that they contradict the Counterclaim.

10.    BSC admits that it prepared surveys of the property at issue but is without knowledge or information sufficient to admit the remaining allegations contained in paragraph 10 of the Third-party Complaint.

11.    BSC is without knowledge or information sufficient to admit the allegations contained in paragraph 11 of the Third-party Complaint.

12.    BSC is without knowledge or information sufficient to admit the allegations contained in paragraph 12 of the Third-party Complaint.

13.    BSC denies the allegations contained in paragraph 13 of the Third-party Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Third-party Complaint fails to state a claim against BSC for which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Stewart's claims are barred by the doctrine of estoppel, waiver and/or unclean hands.

## THIRD AFFIRMATIVE DEFENSE

BSC acted in good faith with respect to its decisions, determinations and other actions performed under the agreements in this action and, therefore, is entitled to immunity from the claims asserted in this action.

## FOURTH AFFIRMATIVE DEFENSE

Stewart's claims are barred by the settlement agreement of its subrogors with Chicago Title Insurance Company.

## FIFTH AFFIRMATIVE DEFENSE

Stewart's claims are limited by the limitation of liability clauses in BSC's agreement(s) with Stewart's subrogor(s).

## SIXTH AFFIRMATIVE DEFENSE

The Third-party Complaint is procedurally deficient and inappropriate for bringing BSC into this action.

## SEVENTH AFFIRMATIVE DEFENSE

If Stewart were damaged as alleged, which BSC denies, then said damage resulted from the acts and or omissions of persons for whose conduct BSC is neither legally liable nor responsible.

## EIGHTH AFFIRMATIVE DEFENSE

The claims contained in the Third-party Complaint are barred, or any damages must be reduced, on account of the contributory negligence of Stewart and/or its Subrogor(s).

## NINTH AFFIRMATIVE DEFENSE

The claims contained in the Third-party Complaint are barred by failure of consideration.

## TENTH AFFIRMATIVE DEFENSE

To the extent that Stewart has suffered any damages, which BSC denies, Stewart has failed to mitigate its damages.

## ELEVENTH AFFIRMATIVE DEFENSE

Stewart may not recover from BSC as a result of Stewart's Subrogors' failure to render performance in accordance with contract terms.

**WHEREFORE**, BSC respectfully requests that this Court issue an order dismissing the Third-party Complaint and awarding attorneys' fees and cost incurred in the defense of this action.

## JURY DEMAND

BSC respectfully demands a trial by jury to the fullest extent permitted by law.

Respectfully submitted by
BSC GROUP, INC.
by its attorneys,

David J. Hatem, BBO #225700
Nancy M. Reimer, BBO #555373
Nicholas A. Ogden, BBO #644007
DONOVAN HATEM LLP
Two Seaport Lane
Boston, MA 02210
P: (617) 406-4500
F: (617) 406-4500

August 18, 2004

CERTIFICATE OF SERVICE
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail-hand-fax on 08-18-04

4